## PELTZ v. CAROLINA BAGGING CO.

District Court, S. D. New York.

Oct. 14, 1940.

Leo Guzik, of New York City, for plaintiff.

Mudge, Stern, Williams & Tucker, of New York City, for defendant.

HULBERT, District Judge.

Defendant moves for an order to inspect and copy certain documents, books and records. Plaintiff resists the application upon the general ground that the moving papers do not show "good cause" as required by Rule 34, Federal Rules of

Civil Procedure, 28 U.S.C.A. following section 723c, and specifically objects to certain items.

The action was brought to recover damages in the sum of $126,000 for alleged breach of contract whereby defendant agreed to give Textile Corporation of America an exclusive agency to sell certain rugs manufactured by it. Plaintiff who is, or was, an officer of the Textile Company, now bankrupt, asserts that his cause of action is both personal and as assignee of the corporation. Defendant pleads a general denial and counterclaim.

Plaintiff is under examination (pursuant to Rule 26, F.R.C.P.) not yet completed. His attendance in response to the notice of the taking of his deposition was effected by a motion to dismiss the complaint for failure to appear. For that reason, defendant asserts, it was not possible to serve a subpoena duces tecum pursuant to Rule 45, F.R.C.P. This contention is not persuasive. The plaintiff has been present at the examination and is required to be there again on the adjourned date. Whether a subpoena duces tecum is necessary is debatable.

The moving affidavit states: "Upon said examination, it has appeared that plaintiff has in his possession the following records which are directly pertinent to the issues in this litigation. Plaintiff, however, has refused to produce these records without an order of the court."

A transcript of the testimony of the plaintiff so far taken has not been submitted on this motion.

The records are listed in paragraphs (a) to (g) inclusive.

Plaintiff avers that items (a), (b) and (g) are books of the bankrupt and "some of the records which the defendant requires may not be in the possession of the plaintiff." Other items in the possession of the plaintiff have been compiled by him from the books for use in preparation for trial while others are writings alleged to have been exchanged between the parties and of which the defendant has copies.

Rule 26(b), F.R.C.P. provides: " * * * the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * * including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts."

The failure of the moving party to disclose more than an opinion regarding the nature and location of the subject matter which it is desired to have produced for inspection with permission to copy (or photostat) justifies the inference that facts have not been sufficiently developed. This can be done upon the adjourned day.

Defendant's attorney states he will be satisfied if they are produced and marked for identification. Perhaps counsel can reach an accord on that.

The motion will be denied, without prejudice to renewal upon a more substantial showing. Submit order.